## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**CENTENNIAL BANK, an Arkansas**
**corporation, as successor in interest to**
**COASTAL COMMUNITY BANK,**

     **Plaintiff,**

**v.**                          **CASE NO. 5:11-cv-355-RS-EMT**

**DEVER DEVELOPMENT COMPANY, a**
**Florida corporation, and MITCH DEVER,**
**individually,**

     **Defendants.**
_____/

## ORDER

Before me are Defendants' Motion to Dismiss, or, in the Alternative, Motion for More Definite Statement and Motion to Strike (Doc. 11) and Plaintiff's Response (Doc. 15).

## Motion to Dismiss

In order to overcome a motion to dismiss, a plaintiff must allege sufficient facts to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Granting a motion to dismiss is appropriate if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. *Hishon v. King & Spalding,* 467 U.S. 69, 104 S. Ct. 2229, 2232 (1984). I must construe all allegations in the

complaint as true and in the light most favorable to the plaintiff.  *Shands Teaching Hosp. and Clinics, Inc. v. Beech Street Corp.*, 208 F.3d 1308, 1310 (11th Cir. 2000)(citing *Lowell v. American Cyanamid Co.,* 177 F.3d 1228, 1229 (11th Cir. 1999)).

Plaintiff filed a four-count complaint to foreclose on a mortgage and security agreement and seeks damages for breach of note and guaranty.  Defendants argue the action should be dismissed because (1) Plaintiff is not a real party in interest, (2) the allonge is not affixed to the note and is unenforceable, and (3) Plaintiff did not include an indispensable party.

Exhibit A attached to the Complaint is the "Assignment of Security Instruments and Other Loan Documents" from the FDIC, in its capacity as receiver for Coastal Community Bank, to Centennial Bank.  (Doc. 1-1).  By virtue of that assignment, Centennial is the successor in interest to Coastal Community Bank and is a real party in interest.

Next, Defendants allege that because the allonge is not affixed to the note, the note is unenforceable and the action must be dismissed.  The allonge is affixed to Exhibit B of the Complaint, which is the original promissory note executed on December 21, 2005.  The allonge describes a promissory note dated January 22, 2007.  Exhibit F is the renewal promissory note, which is dated January 22, 2007. It is obvious the allonge was attached to the original note rather than the renewal

note.  In the Complaint, Plaintiff states, "The Original Note and the Renewal Note are sometimes referred to collectively herein as 'the Note.' " In this case, because the allonge was affixed to the original note and the renewal note was also attached as an exhibit, I decline to dismiss the action.

Lastly, Defendants argue that the Florida Department of Environmental Protection is an indispensable party because there is a conservation easement on a portion of the property Plaintiff wishes to foreclose.  The problem lies with inconsistent legal descriptions.  There appears to be some overlap of the area being foreclosed and the easement because the legal description of the area Plaintiff wishes to foreclose is different from the legal description of the area when Defendant granted the easement.  Plaintiff has made it clear that it only seeks to foreclose the legal description contained in the initial mortgage between Defendants and Coastal.  This issue must be resolved before entering a judgment, but it does not warrant dismissal of Plaintiff's claims.

## **Motion for More Definite Statement**

Defendants also moved for a more definite statement under Fed. R. Civ. P. 12(e) claiming the complaint is "vague and ambiguous" because of the conflict between the dates on the original note and the allonge.  However, as explained above, taking into account the renewal note, which does have the same date as the allonge, there is no confusion or vagueness about the Complaint.

## **Motion to Strike**

Defendants also move to strike the renewal promissory note, the last security agreement, and the last guaranty as "unnecessary and impertinent."  However, it is commonplace to attach both original documents along with renewals, amendments, modifications, etc. in foreclosure actions.  Contrary to Defendants assertion, these documents are necessary and material.

**IT IS ORDERED:**

1.  Defendant's Motion to Dismiss is **DENIED**.

2.  Defendant's Motion for More Definite Statement is **DENIED**.

3.  Defendant's Motion to Strike is **DENIED**.


**ORDERED** on January 13, 2012.


**/s/ Richard Smoak**
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**